## Case No. 15,367.

UNITED STATES v. HILLIARD.

[4 Cranch, C. C. 644.] [1]

Circuit Court, District of Columbia. Nov. Term, 1835.

### FINES AND COSTS—SECURITY.

Security, by recognizance, may be taken for fine and costs, in Washington county.

This was a scire facias upon a recognizance, for a fine and costs recovered against

[1] [Reported by Hon. William Cranch, Chief Judge.]

one Noah Stinchcomb. General demurrer, and joinder.

Mr. Dandridge, for the defendant, contended, that, by the common law, all security to relieve a man from prison, was void, and that there is no statute law to justify this recognizance.

---

## Case No. 15,368.

UNITED STATES v. HILLIARD et al.

[3 McLean, 324.] [1]

Circuit Court, D. Ohio. Dec. Term, 1843.

### ACTIONS ON OFFICIAL BONDS—EVIDENCE—TREASURY TRANSCRIPTS.

1. A treasury transcript, to be evidence, must contain the original items of the accounts or balances admitted by the defendant in his official returns.

2. The court can only revise the action of the treasury, by looking at the evidence on which the treasury acted.

3. A balance, therefore, struck by the treasury, cannot, as such, be charged, and made evidence.

[1] [Reported by Hon. John McLean, Circuit Justice.]

4. Where a person is charged by the defendant, through the agency of a third party, the evidence on which such charge was made must be stated.

[Cited in Boyd v. State, 94 Tenn. 505, 29 S. W. 901.]

[Error to the district court of the United States for the district of Ohio.]

[This was an action by the United States against Hilliard & Clark. There was judgment in the district court against the defendants. Case unreported.]

The District Attorney, for the United States.

Mr. Swayne, for defendants.

OPINION OF THE COURT. This is a writ of error from the district court. The action was brought against the defendants as sureties of D. Worly, late postmaster and agent, at Cleveland, Ohio. The bond signed by the defendant contained conditions, that "the said Worly should well and truly execute the duties of postmaster according to law and the instructions of the postmaster general, &c.; and should also do as agent all that might be required of him, and should account, in the manner directed by the postmaster general, for all monies which he might receive as agent," &c. The breach assigned was, that, as postmaster and agent, he has received thirty thousand five hundred and eighteen dollars and twenty-six cents, and also divers other sums, &c.; and has not paid over, though often requested, according to the condition of said writing obligatory, any part of said sums of money so received. On the trial, the defendants objected to so much of the statement A. offered in evidence as relates to the quarterly accounts rendered by the late postmaster, unless those accounts or certified copies were produced. Objection was also made to so much of said statement as relates to moneys received by Worly, as agent, from other postmasters, unless the original papers on which the charges were made, or certified copies, were produced. Which objections were overruled by the court, and to which decision the defendants excepted. Balances struck by the treasury department, and charged as such, are not evidence. The items of the account on which the balance was ascertained should be stated in the treasury transcript. But balances charged against himself, by a postmaster or other officer, may be charged against him. For this takes the admission of the officer solemnly made in his accounts. An appeal, in effect, is given from the treasury decisions to the courts, and the courts cannot revise these decisions unless they shall have before them the evidence on which the treasury acted. This point has often been ruled by the supreme court. Lawrence v. U. S. [Case No. 8,145]. The balances charged, in the account objected to, against Worly as postmaster, do not appear to be such as were charged by him

against himself, but such as were made out by the corrections of the department. Now the ground on which these corrections were made should be stated in the transcript.

It also appears that the late postmaster is charged as agent, or sub-treasurer, with two items, monies received from postmasters, and no receipt or evidence is shown on which the charge is made. Where an officer is charged with the receipt of money which is not acknowledged by him in his returns, or was not regularly paid or advanced to him by the department in the ordinary course of its business, the evidence on which the charge was made must be stated. The receipts of Worly for these sums must be exhibited, or copies of them, if filed in the department, must be certified, or some other legal evidence must be exhibited on which to charge Worly, in order that his sureties may be made liable. On the two points above stated, the judgment of the district court must be reversed.